**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-40655**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**MOSES ROGERS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**( 9-95-CR-26-1 )**
_____

February 18, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM[*]:

Moses Rogers appeals his sentence after being convicted on a guilty plea to possession with intent to distribute cocaine. He challenges his base offense level; the two-level increase for possession of a firearm and the two-level increase for reckless endangerment; and the denial of a three-level decrease for acceptance of responsibility.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The district court did not clearly err either in calculating Rogers' base offense level by including all drug quantities comprising his relevant conduct, *United States v. Vital*, 68 F.3d 114, 118, 120 (5th cir. 1995), or in finding that Rogers' possession of a firearm was relevant conduct. *United States v. Paulk*, 917 F.2d 879, 884 (5th Cir. 1990). And, the court did not commit reversible error by finding that Rogers' reckless endangerment was part of the same course of conduct as the offense of conviction. *See Vital* 68 F.3d at 120. Finally, it did not err in denying Rogers a decrease for acceptance of responsibility, because Rogers continued to engage in the same course of criminal conduct and he contested his involvement in offenses constituting relevant conduct. *See United States v. Smith*, 13 F.3d 860, 866 (5th Cir.), *cert. denied*, 114 S.Ct. 2151 (1994).

Accordingly, Rogers' sentence is

*AFFIRMED*.